**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4285**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER MICHAEL JENKINS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Jerome B. Friedman, District Judge.  (4:06-cr-00066-JBF)

---

Submitted:  August 31, 2007          Decided:  November 7, 2007

---

Before MOTZ and SHEDD, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Norfolk, Virginia, for Appellant.   Chuck Rosenberg, United States Attorney, Jessica M. Norris, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Michael Jenkins appeals his 120-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). On appeal, Jenkins argues that under U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3(b)(1) (2006), the district court should have considered whether time served on a Virginia sentence for a related offense would be credited by the Bureau of Prisons ("BOP"), and if not, should have adjusted his sentence accordingly. The Government agrees that Jenkins' sentence should have been adjusted pursuant to USSG § 5G1.3(b)(1). We vacate Jenkins' sentence and remand for the district court to consider USSG § 5G1.3(b).

"[I]f a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction" and "that was the basis for an increase in the offense level for the instant offense," the sentence for the instant offense shall be imposed as follows: (1) "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons;" and (2) "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." USSG § 5G1.3(b)(1)-(2).

Jenkins' Virginia abduction conviction was "relevant conduct" for purposes of his conviction under § 922(g)(1) and "was the basis for an increase in the offense level" because Jenkins' offense level was adjusted upward by four levels based on his commission of the firearm offense "in connection with another felony offense." See USSG § 2K2.1(b)(6) (defining "Specific Offense Characteristics" for offense of Unlawful Possession of a Firearm); see also USSG § 1B1.3(a)(1)(A) (specific offense characteristics determined on the basis of "all acts and omissions" committed by the defendant). Therefore, Jenkins was eligible for concurrent sentences for his state and federal convictions (which the district court considered and ordered) and also for an adjustment of his federal sentence for the time he served in state custody pursuant to the state abduction conviction (which the district court declined to consider). Because federal law does not credit to a federal sentence time that will be credited to a state sentence, it is clear that the BOP would not credit Jenkins' federal sentence for time served on the state charge. See 18 U.S.C. § 3585(b); Va. Code Ann. § 53.1-187. Thus, while the district court indicated that it had no role in the matter, the court should have considered and applied USSG § 5G1.3(b)(1) to adjust Jenkins' sentence.

Accordingly, we vacate Jenkins' sentence and remand to the district court with directions to follow the dictates of USSG

§ 5G1.3(b)(1) in resentencing Jenkins.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>